IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY and OHIO SECURITY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:19-cv-2974 |
| EAGLE MIST CORPORATION d/b/a OSAGAI INTERNATIONAL, Serve:  Kevin Laughlin 12685 Dorsett Rd. #302 Maryland Heights, MO  63043 | ) ) ) ) ) ) | |
| And | ) ) | |
| Kevin Laughlin, 12685 Dorsett Rd. #302 Maryland Heights, MO  63043 | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, The Ohio Casualty Insurance Company and Ohio Security Insurance Company, pursuant to 28 U.S.C. §§2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, and for their Complaint for Declaratory Judgment, state:

## PARTIES, JURISDICTION, AND VENUE

1.      At all times relevant herein, Plaintiff The Ohio Casualty Insurance Company ("Casualty") was an insurance company organized under the laws of the State of New Hampshire, with its principal place of business at 175 Berkeley St., Boston, Massachusetts 02116.  Casualty is a citizen of New Hampshire and Massachusetts, and is not a citizen of Missouri.

1

2.      At all times relevant herein, Plaintiff Ohio Security Insurance Company ("Security") was an insurance company organized under the laws of the State of New Hampshire, with its principal place of business at 175 Berkeley St., Boston, Massachusetts 02116.  Security is a citizen of New Hampshire and Massachusetts, and is not a citizen of Missouri.

3.      At all times relevant herein, Defendant Eagle Mist Corporation d/b/a Osagai International ("Osagai") was a corporation organized under the laws of the State of Missouri, with its principal place of business at 12685 Dorsett Rd. #302, Maryland Heights, Missouri 63043. Osagai is a citizen of Missouri alone, and is not a citizen of Massachusetts nor of New Hampshire.

4.      At all times relevant herein, Defendant Kevin Laughlin ("Laughlin") was a citizen of the State of Missouri.  Laughlin is a citizen of Missouri alone, and is not a citizen of Massachusetts nor of New Hampshire.

5.      This action seeks a declaratory judgment relating to whether Plaintiffs have a duty to defend Defendants Osagai and Laughlin in claims asserted against Osagai and Laughlin in court proceedings pending in California (the "Claims").

6.      Specifically, Claims have been asserted against Osagai and Laughlin in litigation pending in Superior Court of the State of California for the County of Los Angeles, in a case styled *Defense Nutrition, LLC v. Julian Bakery, Inc*., et al., Case No. BC 629719, originally filed in or around August 2016 ("Lawsuit").

7.      Osagai and Laughlin have made a demand for coverage with Plaintiffs for the Claims.  Casualty has been defending Osagai and Laughlin in the lawsuit, subject to a reservation of rights.

8.      The amount sought in the Lawsuit and the liability limits of the subject policies are in excess of Seventy-Five Thousand Dollars ($75,000).  In addition, alleged defense costs for

2

Osagai and Laughlin to date alone exceed $75,000. Consequently, the amount in controversy exceeds the jurisdictional amount specified by 28 U.S.C. §1332.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because:  (a) the parties are diverse; and (b) the amount at issue is greater than Seventy-Five Thousand Dollars ($75,000), as demonstrated by the Claims, in which, among other things, underlying Defendant/Cross-Complainant Julian Bakery, Inc. ("Julian") and underlying Plaintiffs/Cross-Complainants Defense Nutrition and Ori Hofmekler seek damages against Osagai and Laughlin in an amount in excess of $75,000, as well as Osagai and Laughlin's defense costs, which are alleged to exceed $75,000.

10.      Venue is proper in the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §1391(b)(1) and/or §1391(b)(2).

## THE INSURANCE POLICIES

11.      Security issued a commercial general liability policy of insurance, Policy No. BZS (17) 55 40 19 96 ("Security Policy") to Sapphire Bakery Company, LLC ("Sapphire").  A copy of the Security Policy is attached as Exhibit A, and incorporated herein by reference.

12.      Casualty issued a commercial umbrella policy of insurance, Policy No. USO (17) 55 40 19 96 ("Casualty Policy") to Sapphire with effective dates of January 9, 2016 to January 9, 2017.  A copy of the Casualty Policy is attached as Exhibit B, and incorporated herein by reference.

## THE CLAIMS

13.      In its First Amended Cross-Complaint, Julian brought numerous claims against Osagai in connection with Osagai's supply of nutrition bars. *See* Julian Bakery First Amended Complaint ("JAC"), attached as Exhibit C and incorporated herein by reference.

14.     Specifically, Julian alleged that Osagai was liable to it (1) as a third party beneficiary, for breach of contract, (2) for damages after buyer's rightful rejection of defective goods, (3) for negligence, (4) for breach of warranty, (5) for unfair business practices, (6) for fraud, (7) for negligent misrepresentation, (8) promissory estoppel.  Julian also seeks rescission of contract and specific performance.  *See id.*

15.     More specifically, Julian alleged it had an agreement with an entity known as Defense Nutrition for Defense Nutrition to supply it with nutrition bars.  JAC, ¶16.  Julian further alleged that Defense Nutrition arranged with Osagai to coordinate the production and manufacture of the nutrition bars.  JAC, ¶21.

16.     Julian further alleged that Osagai and others, including Sapphire, produced defective nutrition bars by, among other things, modifying the formula and ingredients.  *See, e.g.*, JAC, ¶29.

17.     In their Cross-Complaint, Defense Nutrition and individual Hofmekler assert claims against Osagai and Laughlin, the alleged manager and/or Chief Executive Officer of Osagai, for (1) equitable indemnity; (2) breach of contract; (3) fraud; (4) declaratory relief; and (5) express contractual indemnity.  *See* Defense Nutrition Cross-Complaint, attached as Exhibit D and incorporated herein by reference.

18.     On March 21, 2019, Julian requested the Court dismiss its claims for negligence and negligent misrepresentation against Osagai.  *See* Request for Dismissal, attached as Exhibit E and incorporated herein by reference.

19.     On April 23, 2019, the Court granted Julian's request, and dismissed Julian's claims for negligence and negligent misrepresentation against Osagai.  *See* Clerk Dismissal, attached as Exhibit F and incorporated herein by reference.

20.     As a result of the dismissal of Julian's claims for negligent and negligent misrepresentation against Osagai, the following claims remain against Osagai in the Lawsuit:  (1) as a third party beneficiary, breach of contract, (2) buyer's rightful rejection of defective goods, (3) breach of warranty, (4) unfair business practices, (5) fraud, (6) promissory estoppel (by Julian); and (7) equitable indemnity, (8) breach of contract, (9) fraud, (10) declaratory relief, and (11) express contractual indemnity (by Defense Nutrition and Hofmekler).  The claims against Laughlin in the Lawsuit are:  (1) equitable indemnity; (2) breach of contract; (3) fraud; (4) declaratory relief; and (5) express contractual indemnity (by Defense Nutrition and Hofmekler).

21.     Osagai and Laughlin asserted they are additional insureds under the Security Policy and the Casualty Policy with respect to the Claims, and they are entitled to a defense under those policies.

22.     To date, Security has provided a defense to Osagai and Laughlin for the Claims.

23.     Neither Osagai nor Laughlin is, in fact, an additional insured under the Security Policy and Security has no duty to defend Osagai and no duty to defend Laughlin in connection with the Claims.

24.     Even if Osagai and Laughlin were additional insureds under the Security Policy, Security would still have no duty to defend Osagai or Laughlin in connection with the Claims.

25.     More specifically, the Security Policy provides for additional insured status only if, among other things, there is an executed written agreement requiring an insured to name an additional insured.

26.     There is no executed written agreement requiring Sapphire to name Osagai or Laughlin as an additional insured, and therefore Security has no duty to defend Osagai or Laughlin.

27.     Sapphire did not, in fact, add Osagai or Laughlin as an additional insured, and therefore Security has no duty to defend Osagai or Laughlin.

28.     Even if there were an executed written agreement requiring Sapphire to name Osagai and Laughlin as additional insureds, the Claims are not covered, and therefore Security has no duty to defend Osagai or Laughlin, because, among other things:

       a.  Additional insured coverage is limited to liability arising out of real property caused by ongoing operations, and the remaining Claims allege neither;

       b.  The remaining Claims do not allege "property damage" caused by an "occurrence," as defined in the Security Policy; and

       c.  The Security Policy's business risk exclusions exclude coverage where, as here, the alleged damage is the allegedly defective product itself, or where the alleged damage arises from a breach of contract that is not an insured contract, or where the alleged damage arises from access to or disclosure of confidential information.

29.     Osagai and Laughlin are not, in fact, additional insureds under the Casualty Policy and Casualty has no duty to defend Osagai or Laughlin in connection with the Claims.

30.     Even if Osagai and Laughlin were additional insureds under the Casualty Policy, Casualty would still have no duty to defend Osagai and Laughlin in connection with the remaining Claims.

31.     More specifically, the Casualty Policy provides umbrella coverage to the extent of insured status under the underlying policy, the Security Policy.

32.     Because Osagai and Laughlin are not additional insureds under the Security Policy, Casualty has no duty to defend Osagai or Laughlin on the Claims.

33.     Even if Osagai and Laughlin were additional insureds under the Security Policy, Casualty would have no duty to defend Osagai or Laughlin on the remaining Claims, for the same reasons that Security has no duty to defend Osagai or Laughlin, as set forth, *supra*, and because additional insured coverage in the Casualty Policy is no broader than the coverage afforded by the underlying policy, *i.e.*, the Security Policy.

34.     Security and Casualty bring this action seeking the Court's interpretation of the Security Policy and the Casualty Policy and a declaration of their respective rights and obligations in connection with their duty to defend Osagai and Laughlin on the Claims.

35.     An actual justiciable controversy exists between Plaintiffs Security and Casualty and Defendants Osagai and Laughlin.  Resolution of the matters raised in this action will dispose of coverage issues related to the subject Security Policy and Casualty Policy.

36.     All necessary and proper parties are before the Court for the matters in controversy.

37.     Security and Casualty have no other adequate remedies at law other than the claims set forth herein.

WHEREFORE, Plaintiffs, The Ohio Casualty Insurance Company and Ohio Security Insurance Company, respectfully request that this Court enter Judgment in their favor and against Defendant Eagle Mist Corporation d/b/a Osagai International and Defendant Kevin Laughlin as follows:

  a.  declaring that Security has no obligation to defend the remaining Claims;

  b.  declaring that Casualty has no obligation to defend the remaining Claims; and

  c.  granting Security and Casualty such further relief as this Court deems just and proper.

7

## JURY DEMAND

38.     Plaintiffs demand a trial by jury as to all issues so triable.

Respectfully submitted,

SEYFERTH BLUMENTHAL & HARRIS LLC


By: */s/ Bruce A. Moothart*
        Bruce A. Moothart, #45517MO
        4801 Main Street, Suite 310
        Kansas City, MO 64112
        (816) 756-0700
        FAX:  (816) 756-3700
        bruce@sbhlaw.com


ATTORNEYS FOR PLAINTIFFS