UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EAGLE MIST CORPORATION, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:19-cv-02974-MTS |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Amend to add a counterclaim for unjust enrichment, Doc. [41]. For the reasons detailed below, the Court will grant the Motion.

**I.   BACKGROUND**

The Ohio Casualty Insurance Company and Ohio Security Insurance Company ("Plaintiffs") filed a Complaint against Eagle Mist Corporation and Kevin Laughlin ("Defendants") on November 5, 2019. Doc. [1]. In their Complaint, Plaintiffs sought a declaratory judgment as to whether they had a duty arising under certain insurance policies to defend Defendants in an underlying proceeding in California state court. Doc. [1] ¶¶ 6–7. Plaintiffs argue they had no such duty because Defendants do not qualify as "insureds" under the insurance policies. Doc. [1] ¶¶ 23–33. Defendants filed an Answer on May 28, 2020 in which they added counterclaims for bad faith and declaratory relief. Doc. [31]. Plaintiffs then filed an Answer to Defendants' Counterclaims on June 18, 2020. Doc. [35]. On June 25, 2020, Plaintiffs filed a Motion for Summary Judgment. Doc. [37]. The Court issued its Case Management Order

1

("CMO") on July 6, 2020 and set July 17, 2020 as the deadline to amend pleadings and add parties. Doc. [40].  On July 16, 2020, the day before the deadline to amend the pleadings, Plaintiffs filed the instant Motion for Leave to Amend, seeking to add a counterclaim for unjust enrichment to recoup defense fees and costs they expended in defending Defendants in the underlying state proceeding.  Defendants challenged the Motion, arguing that, for numerous reasons, the Court should deny Plaintiffs' request to add the unjust enrichment counterclaim.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) adopts a liberal amendment policy.  *Robertson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001).  It permits a party to amend its pleading once as a matter of course within twenty-one days of serving the pleading or within twenty-one days after service of a responsive pleading or a Rule 12(b), (e), or (f) motion.  Fed. R. Civ. Pro. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2).  The Rule directs Courts to "freely give leave when justice so requires." *Id*.  And "[d]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Robertson*, 241 F.3d at 995).  Meanwhile, the Eighth Circuit has concluded "that Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (citing *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).  Under Rule 16(b)'s good-cause standard, "[i]f a party files for

2

leave to amend outside the court's scheduling order, the party *must* show cause to modify the schedule." *Id.*

**III.   DISCUSSION**

At the outset, the Court acknowledges the debate over whether a plaintiff can advance a counterclaim in reply to a defendant's counterclaim.[1]  *See Lincoln Sav. Bank v. Open Sols., Inc.*, 956 F. Supp. 2d 1032, 1038–40 (N.D. Iowa 2013) (providing overview of counterclaim-in-reply issue).  Rather than delve into that quagmire, the Court finds the more prudent course is to simply treat Plaintiff's Motion as a motion for leave to amend the Complaint.  *See id.* (noting that "several courts have treated counterclaims to counterclaims as an amendment to the pleadings" (citing *Erickson v. Horing*, No. 99-1468 (JRT/FLN), 2000 WL 35500986 (D. Minn. Oct. 23, 2000) and *Turner & Boisseau, Chartered v. Nationwide Mut. Ins. Co.*, 175 F.R.D. 686, 687 (D. Kan. 1997))); *Heath v. Audatax N. Am., Inc.*, No. 11-2779, 2012 WL 177413, at *2–3 (E.D. Pa. Jan. 23, 2012) (construing motion for leave to file counterclaim as motion to amend complaint and noting that "this [c]ourt has previously stated that a plaintiff's counterclaim in reply to a defendant's counterclaim should be deemed an amendment to the complaint").  Accordingly, the Motion is subject to Rule 15's liberal standard for amendments.

---

[1] Because Rule 7(a) does not expressly provide for counterclaims in reply, courts are divided over whether such pleadings are permissible.  *Compare Gonzalez v. Central Elec. Coop., Inc.*, No. 08-6236-HO, 2009 WL 3415235, at *5 (D. Or. Oct. 15, 2009) (finding counterclaims in reply impermissible because "Rule 7(a) . . . does not permit" them), *with Power Tools & Supply, Inc. v. Cooper Power Tools, Inc*., No. 05-cv-73615, 2007 WL 1218701, at *3 (E.D. Mich. April 20, 2007) (finding that the "plain language" of Rules 7 and 13 permit counterclaims in reply).  The effect of the original counterclaim's designation as compulsory or permissive has spawned an additional layer of disagreement.  *Compare Power Tools & Supply, Inc.*, 2007 WL 1218701, at *3 ("[F]or purposes of the form of pleading there is no distinction between compulsory and permissive counterclaims and hence if one may be pleaded in reply, both may be."), *with Feed Mgmt. Sys., Inc. v. Brill*, 518 F. Supp. 2d 1094, 1096 (D. Minn. 2007) (permitting plaintiff to file counterclaims in reply because defendants' counterclaims were permissive and plaintiff's counterclaims in reply were compulsory), *and Erickson v. Horing*, No. 99-1468 (JRT/FLN), 2000 WL 35500986, at *10 (D. Minn. Oct. 23, 2000) (observing that some courts have permitted counterclaims in reply "where the defendant has asserted a permissive counterclaim and the plaintiff's counterclaim would be considered a compulsory counterclaim in response").

In making that decision, the Court disagrees with Defendants' broad assertion that Plaintiffs cannot amend the Complaint during the pendency of a motion for summary judgment. According to Defendants, "Plaintiff has appeared to choose to style its claim for unjust enrichment as a counterclaim-in-reply instead of opting to amend its original complaint so that it may avoid relevant law precluding Plaintiff from amending its complaint when, as here, a motion for summary judgment is pending." Doc. [44] at 2. In support of that argument, Defendants cite two cases denying a party leave to amend its complaint after the opposing party moved for summary judgment: *Viehweg v. Mello*, 5 F. Supp. 2d 752, 756 (E.D. Mo. 1998) and *Moore v. Jackson*, 123 F.3d 1082, 1089 (8th Cir. 1997).

To the extent Defendants contend that, based on those cases, the Court should deny leave to amend merely because there is a pending summary judgment motion here, Defendants misconstrue the analysis in *Viehweg* and *Moore*. After reciting the canonical "good reason[s] for denial" of leave to amend under Rule 15—namely, undue delay, bad faith, undue prejudice, or futility—the *Viehweg* court found "three good reasons for denying" leave to amend the complaint. 5 F. Supp. 2d at 756. Among those reasons was that "there would be undue prejudice to [d]efendant, who ha[d] moved twice for summary judgment and twice to dismiss." *Id.* The court also listed as reasons for denial (1) that it would not cause plaintiff to forfeit any claim and (2) that the amendment would be futile. *Id.* at 756–57. Thus, the *Viehweg* court did not deny the amendment simply because a summary judgment motion was pending; instead, *as just one part of its Rule 15 analysis*, it considered the undue prejudice the amendment would cause defendants since defendants had already moved twice to dismiss and twice for summary judgment. The *Moore* decision similarly does not support the proposition that leave to amend should be denied when a summary judgment motion is pending. After noting the Rule 15 standard, the Eighth Circuit, in a

4

very brief discussion, found simply that the district court did not abuse its discretion by denying the plaintiff leave to amend his complaint to add three new defendants after the existing defendants had already moved for summary judgment.[2] *Moore*, 123 F.3d at 1089. That denial likely considered, in the context of the Rule 15 standard, the undue prejudice the amendment would have on the defendants if the amendment were permitted. The Court finds no basis in that opinion for denying leave to amend on the bare grounds that Plaintiffs' Motion for Summary Judgment is pending before it.

If Defendants instead cite *Viehweg* and *Moore* in an attempt to persuade the Court to deny leave to amend based on the similarity of the instant case to those cases, that attempt falls short. First, the parties' roles are reversed—in both *Viehweg* and *Moore*, the plaintiffs moved to amend their complaints after the *defendants* filed for summary judgment, but here *Plaintiffs* filed for summary judgment, not Defendants. *See Viehweg*, 5 F. Supp. 2d at 756; *Moore*, 123 F.3d at 1089. Second, in both cases the courts considered leave to amend in circumstances quite different from those here. For instance, in *Viehweg*, the plaintiff filed the motion to amend eight months after the CMO deadline for amendment of pleadings and after defendant had already moved for summary judgment twice. *See Viehweg*, 5 F. Supp. 2d at 756. Here, Plaintiffs moved to amend within the deadline set by the CMO, see Docs. [40] and [41], and only Plaintiffs have moved for summary judgment. As already discussed, the *Moore* court affirmed denial of leave to amend where the plaintiff sought to add three new defendants to the case, *Moore*, 123 F.3d at 1089, whereas here, Plaintiff wants to add only one additional claim. As made clear in the Court's analysis below, these are significant differences for purposes of amendment under Rule 15.

---

[2] The district court had denied the request to amend "without prejudice to reconsideration if [plaintiff's] claims survive[d] . . . summary judgment." *Moore*, 123 F.3d at 1089.

Turning now to its analysis, the Court reiterates that Plaintiffs brought their Motion within the CMO's amendment-of-pleadings deadline of July 17, 2020.  The Court will therefore apply the liberal standard of Rule 15(a) rather than the good-cause standard of Rule 16(b) in deciding whether to grant Plaintiffs' Motion.  It will therefore deny leave to amend only if Defendants have demonstrated undue delay, bad faith, futility of the amendment, or unfair prejudice as a result of the amendment.  *Hillesheim*, 897 F.3d at 955.

**A. Undue Prejudice**

At the outset, the Court finds misplaced Defendants' argument that permitting the amendment will prejudice them by forcing them "to defend two separate lawsuits dealing with the same subject matter."  *See* Doc. [44] at 4–5.  That argument makes little sense when plaintiffs frequently join multiple claims arising out of the same circumstances in a single lawsuit, a result that is expressly contemplated and permitted by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 18(a) ("A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.").[3]

Defendants make two other arguments falling under the undue-prejudice umbrella: first, that Plaintiffs have not explained the eight-month period between the filing of the Complaint and their Motion to Amend, and second, that permitting the amendment "would lead to additional work for the Court and the other litigants."[4]  *See* Doc. [44] at 4–6.  It is well settled that "[d]elay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown."  *Doe*

---

[3] In fact, Rule 18(a) does not even require "that the claims share a common question or that they be transactionally related."  *Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 755 n.10 (7th Cir. 2015).

[4] Defendants also suggest that because Plaintiffs sought to make a counterclaim in reply "based solely on the impact an amendment of the original complaint would have on their pending motion for summary judgment," the Court should infer that Plaintiffs seek the amendment "in bad faith."  *See* Doc. [44] at 5–6.  That argument is baseless.  As the Court already discussed, Defendants' perception that a pending summary judgment motion has some unique effect on a motion to amend the complaint is misplaced.  *See supra* at 4–5.

6

*v. Cassel*, 403 F.3d 986, 991 (8th Cir. 2005) (quoting *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004)). In demanding that Plaintiffs explain the timing of the Motion to Amend, Defendants appear to confuse the approach to a Rule 15 amendment with the approach to one under Rule 16. As noted above, Rule 16's good-cause standard applies only when a party moves to amend *after* the court-ordered deadline for amendments has passed; in such a case, the movant must show it was diligent in meeting the scheduling order's deadlines.[5] *Sherman*, 532 F.3d at 716–17. Because that is not the case here, Plaintiffs need not make such a showing; instead, Defendants must demonstrate that any alleged delay will cause them prejudice. *Petworth Holdings, LCC v. Bowser*, 333 F.R.D. 297, 299 (D.D.C. 2019) ("Under Rule 15(a), 'the non-movant generally carries the burden in persuading the court to deny leave to amend.'" (quoting *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004))).

Defendants have not carried their burden. Plaintiffs, not Defendants, moved for summary judgment in this case. Thus, Defendants cannot complain that the addition of the new claim will prejudice them because they will have to file an amended or additional motion for summary judgment in light of the new claim. With respect to Defendants' claim that the amendment will cause "additional work," more work does not rise to level of *undue* prejudice. *See DeCurtis LLC v. Carnival Corp.*, No. 20-22945-cv-SCOLA/TORRES, 2021 WL 493758, at *4 (S.D. Fla. Feb. 10, 2021) ("[T]he fact that an amendment will require [the nonmovant] 'to do more work than it otherwise would have performed without the amendment does not support a finding of prejudice.'"

---

[5] Defendants' confusion is made apparent by the cases they cite in support of their argument that the amendment will cause them prejudice. *See* Doc. [44] at 5. The first case Defendants cite, *Travelers Indemnity Company of America v. Holtzman Properties, L.L.C.*, No. 4:08-cv-351-CJS, 2009 WL 485056 (E.D. Mo. Feb. 26, 2009), involved a motion for leave to amend that was filed seven months outside the court's CMO deadline. Similarly, in *National Benefit Programs, Inc. v. Express Scripts, Inc.*, No. 4:10-cv-00907-AGF, 2011 WL 6812968 (E.D. Mo. Dec. 28, 2011), the court denied leave to amend where the plaintiff moved to amend fifteen months after the CMO deadline for amendment. Both courts applied Rule 16's good-cause standard, which, as discussed, is not applicable here. Meanwhile, the Eighth Circuit in *Friedman v. Farmer*, 788 F.3d 862 (8th Cir. 2015), conducted a Rule 15 analysis, but it affirmed denial of leave to amend on grounds of futility, not prejudice.

(quoting *Uniloc USA, Inc. v. Apple, Inc.*, No. 19-cv-01692-EJD (VKD), 2020 WL 3128908, at *2 (N.D. Cal. June 12, 2020))); *Ellsworth v. City of Broken Arrow*, No. 19-cv-34-TCK, 2019 WL 2567660, at *2 (N.D. Okla. June 21, 2019) (granting leave to amend and explaining that "while Defendants may be required to engage in additional research . . . or draft an additional motion to dismiss, this additional work does not, by itself, constitute prejudice"); *Munchkin, Inc. v. Luv N' Care, Ltd.*, 13-cv-06787-JEM, 2014 WL 12560778, at *2 (C.D. Cal. Oct. 1, 2014) ("The mere fact that more work may be involved does not constitute prejudice that can prevent amendment."); *Roe v. Snyder*, 240 F. Supp. 3d 697, 703 (E.D. Mich. 2017) ("This Court's additional work on this case . . . is not cognizable prejudice to Defendants."). Any time a party amends a pleading to add new claims or other parties, the case will demand additional work; denying leave to amend on that ground would not accord with Rule 15's dictate that leave to amend be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Further, the claim to be added, for unjust enrichment arising out of Plaintiffs' defense of Defendants in the underlying California litigation, does not appear either to lend itself to extensive discovery or to be a particularly complicated claim, especially where the parties here—who are all involved in the underlying state litigation—likely have access to the facts relevant to the claim. *See Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party."). The Court thus finds that Defendants have failed to show there will be undue prejudice warranting denial of leave to amend.

    B. **Futility**

Defendants also argue the Court should deny Plaintiffs' Motion because the amendment would be futile. A proposed claim is futile when it could not withstand a motion to dismiss under

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *J-McDaniel Constr. Co. v. Mid-Continent Cas. Co.*, 761 F.3d 916, 919 (8th Cir. 2014); *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). The proposed claim must therefore satisfy the pleading standards laid out in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Zutz*, 601 F.3d at 850–51.  Under those cases, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629–30 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

To properly state their claim for unjust enrichment, Plaintiffs must show (1) that Defendants were enriched by the receipt of a benefit, (2) that the enrichment was at the expense of Plaintiffs, and (3) that it would be unjust to allow Defendants to retain the benefit. *Dubinsky v. Mermart, LLC*, No. 4:08-cv-1806, 2009 WL 1011503, at *5 (E.D. Mo. Apr. 15, 2009). Defendants, however, do not contend Plaintiffs failed to plead the elements of unjust enrichment; instead, they argue that Plaintiffs' claim is futile because "a claim for unjust enrichment may not be brought when a contract governs the claim," and here, Defendants claim, Plaintiffs failed to allege they conferred any benefit on Defendants "apart from those benefits governed exclusively by the contract[]." *See* Doc. [44] at 6 (citing *Dubinsky*, 2009 WL 1011503).

In Missouri, "[i]f the plaintiff has entered into an express contract for the very subject matter for which he seeks recovery, unjust enrichment does not apply, for the plaintiff's rights are limited to the express terms of the contract." *R & R Land Dev., L.L.C. v. Am. Freightways, Inc.*,

9

389 S.W.3d 234, 243 (Mo. Ct. App. 2012). But Defendants misapply that rule here. In their claim for declaratory judgment, Plaintiffs do not allege a breach of contract; they instead argue that, for various reasons, they have no duty to provide Defendants with defense in the underlying state proceedings.[6] *See* Doc. [1] ¶¶ 22–33. Plaintiffs' claim for declaratory judgment does not rely on the existence of a contract. In fact, Plaintiffs specifically argue that the policies here—the "contracts" at issue—do *not* govern the relationship between the parties. In other words, Plaintiffs are not arguing for relief under a contract and alternatively arguing for relief on a theory of unjust enrichment. Rather, they claim both that (1) there is no contract mandating that they defend Defendants in the state suit and (2) that, as a result, they should be reimbursed for the expenses of that defense. *See In re Express Scripts, Inc. PBM Litig.*, 522 F. Supp. 2d 1132, 1148 (E.D. Mo. 2007) ("[R]ecovery for unjust enrichment may be available if a plaintiff seeks recovery for services and benefits conferred outside the contract."). Contrary to Defendants' assertions, there is no contract before the Court governing the second claim. Success on the declaratory judgment action will not produce a remedy duplicative of any relief under unjust enrichment. *See In re Express Scripts*, 522 F. Supp. 2d at 1148–49 (dismissing unjust enrichment claim where the plaintiff "allege[d] the same conduct by [d]efendants for both its breach of contract and unjust enrichment claims" and "any remedy in quasi contract [was] duplicative of" the breach of contract claim).

       The Court finds that Plaintiffs' claim for unjust enrichment is not futile, so it will not deny leave to amend on that ground.

---

[6] Both cases Defendants cite in support of the proposition that a claim for unjust enrichment may not be brought when a contract governs the claim, *Dubinsky*, 2009 WL 1011503, and *R & R Land Development*, 389 S.W.3d 234, involved plaintiffs who claimed *both* breach of contract *and* unjust enrichment. *Dubinsky*, 2009 WL 1011503, at *1, 5–6; *R & R Land Dev.*, 389 S.W.3d at 237–38, 243. The plaintiffs in those cases expressly claimed, therefore, that a contract governed the relationship between the parties. Conversely, Plaintiffs here insist that the policies at issue do not govern the parties' relationship.

10

#### CONCLUSION

Defendants have not shown that the proposed amendment will be futile, will cause undue delay or prejudice, or is the product of bad faith. Consistent with Rule 15(a) and within its discretion, the Court will permit Plaintiffs to amend the Complaint to add the claim for unjust enrichment. Plaintiffs will have until April 12, 2021 to file an amended complaint incorporating the unjust enrichment claim as articulated in the attachment to their Motion for Leave to Amend, Doc. [41-1]. Defendants will have twenty-one days from filing of the amended complaint to file an amended answer addressing the new claim. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

The Court also notes that when Plaintiff filed the Motion to Amend, several months remained before the close of discovery and the deadline for filing of dispositive motions under the CMO. *See* Docs. [40]; [41]. Those deadlines have since passed. For that reason, the Court will issue an amended CMO giving the parties time to conduct discovery as to the new unjust enrichment claim, permitting the filing (or refiling) of motions for summary judgment involving the new claim, and resetting the trial date in this case. In the interest of judicial economy, the Court will also deny without prejudice Plaintiff's Motion for Summary Judgment, Doc. [37], and permit Plaintiffs to file a renewed summary judgment motion including both Plaintiffs' current arguments with respect to their claim for declaratory judgment as well as new arguments pertaining to the newly added unjust enrichment claim, if Plaintiffs wish to move for summary judgment on both claims. To be clear, the Court is *not* expressing any opinion as to the validity of Plaintiffs' current Motion for Summary Judgment; instead, because of the current posture and schedule of the case, the Court believes it is in the best interests of both the Court and the parties to allow Plaintiffs to consolidate any summary judgment arguments in one motion, rather than having one separate motion for each claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Amend, Doc. [41], is **GRANTED** consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment, Doc. [37], is **DENIED without prejudice to refiling**.

**IT IS FURTHER ORDERED** that the Court will issue an amended CMO in due course.

Dated this 31st day of March, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE