UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No. 4:19-cv-2974-MTS |
| EAGLE MIST CORPORATION d/b/a OSAGI INTERNATIONAL, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Non-Party Stacey F. Blank's ("Blank") Motion to Quash Defendants' Subpoena *Ad Testificandum*, for Sanctions Pursuant to Fed. R. Civ. P. 45(d)(1), and Request for Expedited Hearing. Doc. [104]. For the reasons set forth below, the Court denies Blank's Motion.

Some factual context is necessary. Eagle Mist Corporation and Kevin Laughlin ("Defendants") entered into a written agreement with Sapphire Bakery Company, LLC ("Sapphire") whereby Sapphire was to produce nutrition bars for Defendants who in turn would sell the bars to other companies. The Ohio Casualty Insurance Company and Ohio Security Insurance Company ("Plaintiffs") issued insurance policies to Sapphire, who in turn purported to add Defendants as "additional insureds" under the policies.[1] In 2016, Sapphire and Defendants were sued in California state court for legal claims arising out of the nutrition bars ("California Litigation").[2] Plaintiffs, the insurers, represented Defendants and Sapphire in the California Litigation subject to a reservation of rights. Plaintiffs retained Wood, Smith, Henning & Berman,

---

[1] The Court notes the dispute regarding whether Defendants are additional insureds under Sapphire's policy with Plaintiffs is set for resolution by a jury on October 3, 2022.
[2] Later, Defendants cross-sued Sapphire in the California Litigation.

1

LLP ("WSHB"), the firm for which Ms. Blank worked, to represent Sapphire in the California Litigation and Plaintiffs retained Defendants' current counsel, Robert Tauler, to represent Defendants in the California Litigation.

In November 2019, Plaintiffs filed for declaratory judgment, alleging they had no obligation to continue defending Defendants in the California Litigation, and for unjust enrichment, seeking to recoup the total amount in defense fees Plaintiffs had expended in defending Defendants in the California Litigation. Doc. [55]. Plaintiffs moved for summary judgment on their own claims (Counts I–II). Doc. [58]. The Court granted summary judgment on Plaintiffs' declaratory relief claim (Count I) but denied summary judgment on the unjust enrichment claim (Count II) because issues of fact remained.[3] Doc. [67]; *Ohio Cas. Ins. Co. v. Eagle Mist Corp.*, 4:19-cv-2974-MTS, 2021 WL 4523146, at *8 (E.D. Mo. Oct. 4, 2021). Trial was set for March 2022 on Plaintiffs' unjust enrichment claim.

During a pre-trial conference, the Court allowed Defendants to conduct limited discovery to explore their defenses to Plaintiffs' unjust enrichment claim and vacated trial. Doc. [98]. The Court found Defendants sought relevant information to their defenses based on Defendants' contention that Plaintiffs acted in bad faith by defending Sapphire (as the named insured) under the insurance policies but by not defending the Defendants (as the additional insureds) under the same policies. As part of their limited discovery, Defendants delivered to WSHB a subpoena *ad testificandum*, which directed Ms. Blank to testify at a deposition in Los Angeles (the "Subpoena"). In the current motion, Blank objects to the subpoena based on improper service, pursuant to Fed. R. Civ. P. 45(b), and attorney-client privilege. Doc. [104]. The Court finds neither argument

---

[3] However, the Court did *not* determine whether Insurers had a duty to defend Defendants from the outset of the California Litigation because there remained genuine issues of material fact as to whether Defendants were ever insureds under the Policies; thus, the Court denied summary judgment on the unjust enrichment claim (Count II).

warrants quashing the Subpoena.

As to notice, the Court does not find compelling Ms. Blank's argument that service was improper because she had resigned as a partner from WSHB on April 8, 2022. The Subpoena was physically delivered to WSHB, Blank's purported place of business, on April 15, 2022. It is undisputed that Blank and/or WSHB knew that the subpoena was "out for service" before Blank's resignation. *McConnell v. Anderson*, 451 F.2d 193, 197 (8th Cir. 1971) (explaining the crucial question in determining whether improper service merits the quashing of a subpoena is whether the party alleging insufficient service of process "received notice sufficient to afford it the opportunity to appear and to be heard"). Defendants were only notified *after* the subpoena was served that Blank had resigned as partner at some point before service was effectuated. Blank does not contend that she did not have notice of the subpoena nor that she did not review the subpoena. To the contrary, Blank has demonstrated actual knowledge of the subpoena. *See, e.g.*, Doc. [104-2] ¶ 7. When the party served does not actually deny receipt of a subpoena, quashing that subpoena because of its failure to comply with service rules "'would only serve to torture the rules and drive up the expense of litigation'—a result that would contravene the Rule's directives." *In re Miscellaneous Subpoenas*, 3:16-mc-0003-MAM, 2016 WL 4154889 at *2 (D.S.D. Aug. 1, 2016).

As to the attorney-client privilege, the Court acknowledges that a tripartite relationship exists or existed (at some point) between Blank, Sapphire, and Plaintiffs in connection with WSHB's representation of Sapphire in the California Litigation. *Bank of Am., N.A. v. Superior Ct.*, 151 Cal. Rptr. 3d 526, 537 (Cal. Ct. App. 2013) ("When an insurer retains counsel to defend its insured, a tripartite attorney-client relationship arises among the insurer, insured, and counsel."). However, Blank improperly asserts a "blanket privilege" as to all communications

between her and Plaintiffs.[4] The Court finds that Defendants seek some questions that may *not* be covered by the privilege, for reasons that include, but are not limited to, the nature of the communications between Plaintiffs and Blank or the relationship-status of Sapphire and Plaintiffs.

If the parties wish, due to the complexity of this case, the Court will allow the parties to conduct the deposition of Ms. Blank at a date and time that the Court is available to be "on-call" to answer any disputes on this matter. The Court cautions Defendants not to abuse the latitude granted here by asking plainly privileged questions and cautions Plaintiffs not to frivolously object to questions. The parties should use the Court as a last resort when resolving disputes during this deposition.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Non-Party Stacey F. Blank's Motion to Quash Defendants' Subpoena *Ad Testificandum*, for Sanctions Pursuant to Fed. R. Civ. P. 45(d)(1), and Request for Expedited Hearing, Doc. [104], is **DENIED**.

**IT IS FURTHER ORDERED** that the parties meet and confer and provide to the Court, by June 16, 2022, three (3) potential dates and times for the deposition of Ms. Blank.

Dated this 7th day of June, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[4] In fact, California courts have rejected contentions that all communications exchanged in the insured-insurer attorney context are privileged. *Trabakoolas v. Watts Water Techs., Inc.*, 3:12-cv-01172-YGR, 2013 WL 1563232, at *4 (N.D. Cal. Apr. 12, 2013) (citing cases).